JOHN CHAMBLESS v. THE STATE.

No. 3524.    Decided February 14, 1906.

1.—Aggravated Assault—Res Gestae—Evidence.

Upon a trial for aggravated assault where the evidence showed that the brother-in-law of prosecutrix talked to defendant at prosecutrix's residence on the day of the alleged offense for ten or fifteen minutes, and then went away to his wagon, when prosecutrix approached him crying and told him that defendant had talked " scandalous " to her.   Held, that such statement of prosecutrix was res gestæ and admissible.

2.—Same—Impeaching Witness—Bill of Ecxeptions.

Upon a trial for aggravated assault there was no error in refusing impeaching testimony of prosecutrix's brother-in-law who had not been used as a witness by either side; besides the object or purpose of this testimony was not stated in defendant's bill of exceptions.

3.—Same—Reading Decisions—Discretion of Court.

Upon a trial for aggravated assault, it was in the discretion of the court to refuse to permit defendant's counsel to read a decision from one of the reports.

Appeal from the County Court of Ellis.   Tried below before Hon. F. L. Hawkins.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The facts of this case will be found in the opinion of the court, on a former appeal, in 46 Texas Crim. Rep., 1.

The opinion states the case.

*Anderson & Anderson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for aggravated assault, the fine imposed being $25.   So far as the charge of the court is concerned it is in accordance with the previous opinion of this court. Chambless v. State, 46 Texas Crim. Rep., 1; 10 Texas Ct. Rep., 206. Therefore, no error is shown in the charge of the court given, and the refusal. of the court to give the requested instructions.

The first bill of exceptions recited that George Singleton (brother-in-law of prosecutrix) testified that John Chambless remained at prosecutrix's residence on the day of the alleged offense, ten or fifteen minutes after he (George Singleton) reached that point and talked to him about trading horses, and then went away.   The State's attorney then asked him, if prosecutrix made any statement to him in regard to what Chambless had done or said.   Appellant objected, because it was not a part of the res gestæ; that her brother-in-law had been there about fifteen minutes; and she did not complain at the first opportunity; that she had plenty of time to deliberately concoct and make a statement to avert suspicion from herself.   These objections being overruled, he testi-

fied that after Chambless left, Rosa Singleton, came to the wagon to help him put on some sideboards. She was crying, and told him that John Chambless had talked "scandalous" to her. We believe that, under the circumstances of this case, this was admissible; that it was res gestæ; that the answer of the witness shows that when she came to the wagon, after Chambless left, she was crying, and told him or complained rather that defendant had talked "scandalous." There were no details mentioned. The general statement was made that he talked "scandalous" to her. This, so far as the answer of the witness was concerned, was made immediately upon her reaching the wagon where he was. The grounds of his objection are not certified by the court as being a statement of fact. We think the testimony was admissible.

The second bill of exceptions was reserved to the refusal of the court to permit defendant to prove by Mrs. Alston, that she was in Hillsboro, in January or February, when Tom Singleton (brother-in-law of Rosa Singleton) offered Mrs. Sallie Greenfield (aunt of prosecutrix) money to leave the State, if she would leave and have nothing further to do with this case, stating that he would do anything to assist his brother-in-law (John Singleton). Objection was urged to the refusal to admit this testimony. It was shown that at no time was Tom Singleton used as a witness by either side. The witness would have testified that she heard Tom Singleton make the proposition to Mrs. Greenfield. The object or purpose of this testimony is not stated in the bill, and it is not obvious on the face of the bill what legitimate purpose it could have subserved. Tom Singleton was not a witness, and therefore, he could not be impeached.

Counsel for appellant offered to read a decision from one of the reports. The court refused to permit this to be done, on objection of counsel for the State. Such matters are largely confined to the discretion of the trial court, and no injury to appellant is shown by this ruling. Therefore we hold there was no error.

The action of the court refusing a continuance cannot be revised. A bill of exceptions was not reserved to the ruling. As the record is presented to us, we find no reversible error, and the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]